IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VILAS KUMAR, Individually and as sole proprietor d/b/a BUCKNER FINA, | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No.: 3:10-CV-166-O |
| | § § | |
| ST. PAUL SURPLUS LINES, INSURANCE COMPANY, and INSURANCENOODLE, INC. d/b/a NOODLE SPECIALTY BROKERS | § § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Dismiss (Doc. # 5) filed April 23, 2010 and Defendant St. Paul Surplus Lines Insurance Company's ("St. Paul") Response (Doc. # 6) filed April 28, 2010. Having reviewed the motion, St. Paul's Response, and the applicable law, the Court finds that Plaintiff's Motion to Dismiss should be **GRANTED.**

I.
BACKGROUND

Plaintiff owns a convenience store/gas station. Defendant St. Paul is an insurance company that issued Plaintiff a liability insurance policy covering certain occurrences at his store. Defendant Insurance Noodle Inc. d/b/a Noodle Specialty Brokers was Plaintiff's insurance agent during the time Plaintiff purchased the liability policy.

A customer was fatally shot while purchasing gas at Plaintiff's store. The customer's estate sued Plaintiff and asserted wrongful death and survivorship claims. In that lawsuit, Plaintiff asserted

1

a third party claim against Defendants seeking a declaration that Defendants were obligated to defend and indemnify Plaintiff in connection with the underlying wrongful death lawsuit. This third party claim was severed from the underlying wrongful death claim and Defendant St. Paul removed the severed portion of the underlying lawsuit to federal court based on diversity of citizenship. *See* Doc. # 1 (3:10-CV-166-O)(N.D. Tex. Jan. 28, 2010).

Following removal, Defendant St. Paul filed a motion for summary judgment on April 2, 2010 arguing it does not owe Plaintiff a duty to defend or indemnify. *See* Doc. # 3. Defendant St. Paul has not asserted an affirmative claim for relief in this suit. Plaintiff filed the instant motion on April 23, 2010 seeking to dismiss both St. Paul and Insurance Noodle Inc. d/b/a Noodle Specialty Brokers. This matter has been briefed by the parties and is ripe for determination.

II.

AUTHORITY

Plaintiff moves the Court to grant voluntary dismissal because it no longer wishes to pursue this matter. Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without a court order only if notice of the dismissal is filed prior to the defendant's answer or motion for summary judgment and if the plaintiff has not previously dismissed an action "based on or including the same claim." FED. R. CIV. P. 41(a)(1). When the defendant has filed an answer or motion for summary judgment, Rule 41(a)(2) allows the plaintiff to move for dismissal only by a stipulation signed by all parties (FED. R. CIV. P. 41(a)(1)(ii)), or by order of the court, "upon such terms and conditions as the court deems proper" (FED. R. CIV. P. 41(a)(2)). The plaintiff's right to dismissal under Rule 41(a)(2) "is not absolute." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The decision rests within the sound discretion of the district court and is only reviewed

2

for an abuse of discretion. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).

Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice has been defined as prejudice to some legal interest, some legal claim, [or] some legal argument." *Espinoza v. Nacher Corp.*, No. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's loss of a potentially valuable defense. *Hyde,* 511 F.3d at 509; *U.S. ex rel. Matthews v. HealthSouth Corp.,* 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor,* 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice. *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Oxford v. Williams Companies, Inc*., 154 F. Supp. 2d 942, 952-53 (E.D. Tex. 2001). For example, the court denied dismissal in *Oxford* when the plaintiff filed for dismissal after twenty-one months of significant trial preparation. *Oxford*, 154 F. Supp. 2d at 952.

In deciding whether to grant dismissal, a district court takes a number of factors into consideration though "there is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford*, 154 F. Supp. 2d at 951. These factors, among other considerations, typically include: (1) when in the course of litigation the plaintiff files the motion (*see Oxford*, 154 F. Supp. 2d at 951); (2) whether the suit is still in pretrial stages (*see Templeton*, 901 F.2d at 1275-76); (3) whether the parties have filed numerous pleadings and memoranda, (4) whether the parties have attended conferences, (5) whether there are prior court determinations adverse to the plaintiff's

3

position (*see Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)); (6) whether hearings have been held, (7) whether any defendants have been dismissed on summary judgment, and (8) whether the parties have undertaken significant discovery (*see Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *see also Espinoza*, 2007 WL 1557107 at *2).

 In fact, there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion since "the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988) (citing *LeCompte*, 528 F.2d at 604).  This Court has previously recognized that outright denial of a motion to dismiss may be appropriate when "the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant,* 122 F.R.D. at 203-04.  However, a pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal.  *Bhullar v. Sonoco Prods. Co.*, No. 3:02-CV-2283-G, 2004 U.S. Dist. LEXIS 514, at *13 (N.D. Tex. 2004); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Further, a motion for voluntary dismissal should be denied where "a plaintiff seeks to circumvent an expected adverse result." *See e.g., Davis*, 936 F.2d at 199 (dismissal denied, in part, because of a comprehensive recommendation issued by the magistrate judge adverse to the plaintiff's position).

III

CONCLUSION

In this case, the Court finds that dismissal is warranted against Defendant Insurance Noodle Inc. d/b/a Noodle Specialty Brokers because it has not appeared, answered or filed a dispositive motion. Therefore, the motion is **GRANTED** as to Insurance Noodle Inc. d/b/a Noodle Specialty Brokers. Additionally, the Court finds dismissal is warranted as to Defendant St. Paul because it has not demonstrated legal prejudice. First, given that time and cost spent in preparing the case weighs heavily in determining whether there is any prejudice to St. Paul, this early motion for dismissal filed well within the pretrial stage and prior to any Rule 26(f) conferences or discovery indicates a lack of legal prejudice. *See Oxford*, 154 F. Supp. 2d at 952. Unlike the circumstances in *Oxford* involving nearly two years of substantial trial preparation and multiple motions prepared by the parties, St. Paul has filed only one motion in this case: namely, its premature motion for summary judgment, which was filed just over two months after the case was removed to federal court. *See* N.D. LOC. R. 56.2(a) (indicating the deadline for filing a motion for summary judgment is normally 90 days before the trial date unless otherwise directed by the court). Thus, it cannot be said St. Paul has spent significant time, effort, or expense in defending this case to warrant denial of Plaintiff's motion to voluntarily dismiss. *See Oxford*, 154 F. Supp. 2d at 952; *see also Espinoza,* 2007 WL 1557107 at *3.

Further, St. Paul's arguments that dismissal is precluded by: (1) its pending motion for summary judgment, and (2) its preference to have the motion ruled on even if Plaintiff would agree to dismissal with prejudice does not demonstrate the requisite legal prejudice. (Def's Resp. at 2-3). As previously discussed, existence of a pending claim-dispositive motion is only one factor within

the analysis, and the Court does not find this factor weighs in St. Paul's favor since the record shows its motion for summary judgment was filed before any Rule 26(f) conference, scheduling order, and before any discovery had even been undertaken. *See Bhullar,* 2004 U.S. Dist. LEXIS 514 at *13; *Hartford*, 903 F.2d at 360. Moreover, St. Paul's preference to have a ruling on its motion does not present an "objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *See Bhullar*, U.S. Dist. LEXIS 514 at *13 (emphasis added). Accordingly, the Court finds that Plaintiff's Motion to Dismiss is well taken and this case is hereby **DISMISSED** as to both Defendants.

Signed this 12th day of May, 2010.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**